**Joanne POLLARA, Plaintiff,**

v.

**Joseph J. SEYMOUR, and Thomas E. Casey, Defendants.**

**No. 99–CV–923.**

United States District Court,
N.D. New York.

May 30, 2002.

Cohen Dax & Koenig, P.C., Albany, NY (Paul C. Rapp, of counsel), for plaintiff.

Hon. Eliot Spitzer, Attorney General of the State of New York, Office of the Attorney General, Albany, NY (Charles J. Quackenbush, Asst. Attorney General, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

### I. INTRODUCTION

On June 14, 1999, plaintiff Joanne Pollara ("Pollara" or "plaintiff") commenced the instant action against defendants Joseph J. Seymour ("Seymour") and Thomas E. Casey ("Casey" or "defendant") (collectively, "defendants") pursuant to the Visual Artists Rights Act, 17 U.S.C. § 106A ("VARA"), and 42 U.S.C. § 1983. She alleges that the defendants destroyed a mural that she had painted, and that the mural constituted a "work of visual art" and a "work of recognized stature" within the meaning of VARA. On December 21, 2000, defendants moved for summary judgment. The motion was granted on July 18, 2001, as to Seymour, but denied as to Casey. *See Pollara v. Seymour,* 150 F.Supp.2d 393 (N.D.N.Y.2001).[1]

Pollara's VARA claim against Casey was tried to the bench on October 17, 2001, in Utica, New York. Having reviewed all of the testimony and the exhibits received into evidence, the findings of fact and conclusions of law are set forth pursuant to Federal Rule of Civil Procedure 52(a). As discussed below, because it is held that plaintiff failed to meet her burden of demonstrating that the mural at issue constituted a "work of recognized stature," or a "work of visual art," judgment as a matter of law will be entered in favor of the defendant pursuant to Federal Rule of Civil Procedure 52(c).

### II. FINDINGS OF FACT

Pollara is an artist in Albany, New York, doing business as "Joanne Pollara Creates." She frequently paints for hire, and has often been asked to create banners and other installations for bar mitzvahs, demonstrations, corporations, and others in the Albany area. In 1999, she was hired by a public interest group, the New York State Defenders Association ("NYSDA"), to create the painting for a Gideon Coalition[2] protest against funding cuts for legal aid. NYSDA feared the cuts would result in a denial of the right to counsel for the poor. This painting was to be displayed at the Empire State Plaza in Albany, New York ("ESP"), as part of the Gideon Coalition's annual lobbying effort at the New York State Capital. Plaintiff had created similar installations for display at ESP in prior years.

The mural, which was received into evidence at trial (Plaintiff's Exhibit 2), was created on a 10–foot–high by 30–foot–long

---

1. In addition, plaintiff abandoned her Section 1983 claim and it was also dismissed. *See Pollara,* 150 F.Supp.2d at 395 n. 3.

2. The Gideon Coalition derives its name from the Supreme Court case *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in which the Court held that the right to competent counsel was a fundamental constitutional right. The Coalition lobbies on behalf of groups that provide legal services to the indigent in New York.

sheet of heavy photographic paper, and was designed to be displayed by being affixed to a large metal frame. It depicted stylized figures of various races and socio-economic situations standing on line outside closed doors to legal offices. The mural also contained the phrases "Executive Budget Threatens the Right To Counsel" and "Preserve the Right To Counsel, Now More Than Ever." These phrases were selected by NYSDA and incorporated into the mural by Pollara.

The mural was visually appealing and demonstrated a great deal of artistic ability and creativity. It was produced through the expenditure of a great deal of care and effort by Pollara. It took over 100 hours to create. The mural was also effective at conveying the Gideon Coalition message regarding the effect of the proposed state budget upon the provision of indigent legal services in New York. She received $1800 for her efforts in creating the mural.

Plaintiff normally creates displays that are specific to a particular event. They are intended to be displayed on a one-time, short-term basis. She does not create permanent installations. The mural at issue, like other works created by her, was intended to be a "single use" piece that would be used as the backdrop for the NYSDA information table at the Gideon Coalition event. It had no intended use other than its use as a backdrop for the information table. It would not have been placed on public display for any future events.

After business hours on March 15, 1999, Pollara installed the painting at ESP without a permit, but with the assumption that NYSDA had obtained the necessary permission for her to do so. Casey is the Plaza Manager at ESP for the New York State Office of General Services ("OGS"). He was responsible for ordering and supervising the removal of Pollara's painting by OGS employees. During the evening after she installed the mural, but before it had been viewed by the public, it was removed from its frame by OGS employees, who were under his supervision. It was torn and severely damaged in the process.

The mural was ripped into three sections. There were two long, vertical rips that ran through the width of the mural. The rips were repaired and the mural taped to a wall for display at the event.[3] The mural was ripped through the carelessness of OGS employees.[4]

Following the event, the damaged mural was returned to Pollara. She kept it in her studio, unrolling it once to be photographed by a local newspaper. When displayed in court, it was crumpled and clearly had sustained damage.

Pollara suffered no form of financial or professional injury in connection with the destruction of her mural.

At the close of plaintiff's proof at trial, Casey moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a), on the grounds that plaintiff had failed to prove a prima facie case. Defendant also asserted

---

**3.** A copy of Plaintiff's Exhibit 1 is attached to this decision which shows the undamaged mural affixed to the metal frame and the damaged mural taped on a wall.

**4.** Although it is found that plaintiff has failed to state a cause of action under VARA, it is not intended to approve or condone the conduct of Casey's employees in this case. The

carelessness of the employees in destroying Pollara's work was utterly deplorable and constituted a clear deviation from the type of conduct which should be expected of government employees. The defendant and his employees should be ashamed of their disregard for the obvious skill, effort and care which Pollara put into her mural.

the defense of qualified immunity, arguing that the proof did not demonstrate that he did anything but execute ordinary duties in good faith. Decision on both motions was reserved, as was the decision on the findings of fact and conclusions of law. Both parties were afforded an opportunity to submit proposed findings of fact and conclusions of law, which they have done.

## III. *CONCLUSIONS OF LAW*

In order to maintain her claim under VARA, Pollara was required to show that (1) the destroyed work was a "work of visual art" and a "work of recognized stature"; and (2) the destruction of her work was either intentional or grossly negligent. 17 U.S.C. § 106A(a)(3)(b).

### A. *Work of Recognized Stature*

■ On the prior motion for summary judgment, the question of whether or not Pollara's mural constituted a "work of recognized stature" was expressly reserved for trial. *See Pollara,* 150 F.Supp.2d at 396 n. 7 ("Because this decision is limited to the question of whether or not the fact that Pollara's painting had never been publicly displayed precludes it from being a work of 'recognized stature' within the meaning of Section 106A, it is not now decided whether or not the painting is, *in fact,* a work of 'recognized stature.'" The resolution of this question is reserved for trial, at which time expert testimony will be received on this issue.). This issue was reserved because defendants had opted to rely solely upon the fact that Pollara's mural had never been publicly displayed prior to its destruction as proof that she had failed to create an issue of fact regarding whether her mural was a work of

"recognized stature," and it was held that this fact, standing alone, was not sufficient to overcome plaintiff's expert affidavits describing her mural as such a work. *See Pollara,* 150 F.Supp.2d at 398.

As noted in the prior decision, the term "work of recognized stature" is not defined by the statute.[5] Accordingly, to the limited extent courts have considered the meaning of this term, they have focused on (1) whether "the visual art in question has 'stature,' i.e. is viewed as meritorious"; and (2) whether "this stature is 'recognized' by art experts, other members of the artistic community, or by some cross-section of society." *Carter v. Helmsley–Spear, Inc.,* 861 F.Supp. 303, 325 (S.D.N.Y. 1994).

As applied to the instant case, this test offers little assistance in the determination of whether or not Pollara's mural meets the statutory definition. This is so because, while plaintiff's work was unquestionably meritorious and this merit was recognized by her experts and in this decision, it was intended solely as a display piece for a one-time event. It defies the underlying purposes of VARA to assume that the statute was intended to protect works of artistic merit *without regard* to whether such works were ever intended as "art" or whether they were intended to be displayed as art or were otherwise intended to be preserved for posterity as works of artistic merit.

This is particularly true where, as here, there was never any intent by the artist to preserve her work for future display. As such, it is held that the presumption underlying the court's decision on defen-

---

**5.** Section 106A(a)(3)(B) provides as follows: "[T]he author of a work of visual art, subject to the limitations set forth in section 113(d) [dealing with works incorporated into buildings that cannot be removed without destruc-

tion], shall have the right to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right." 17 U.S.C. § 106A(a)(3)(B)

dants' summary judgment motion—that Pollara's work was deprived of the opportunity to acquire "stature" by the defendants' actions—does not apply here. This is so because the trial testimony revealed that, even in the absence of the conduct at issue, Pollara's mural would not have achieved "recognized stature" in the relevant community.[6] Instead, the mural would have been used solely to publicize the Gideon Coalition event, and would not have been preserved as a work of stature—recognized or otherwise. The fact that the mural was not intended to have any lasting value is evidenced by her admission that she suffered no financial injury as a result of its destruction, and also because there was no evidence that any of plaintiff's other similar murals had ever been permanently preserved for display. Accordingly, it is held that plaintiff has failed to meet her burden of demonstrating that her mural was a "work of recognized stature," and that her VARA claim must be dismissed as a matter of law.

### B. *Advertising or Promotional Material*

Alternatively, the trial evidence introduced by plaintiff supports the defendants' argument that the mural is excluded from protection under VARA because it was "advertising" or "promotional" material and not a work of visual art under 17 U.S.C. § 101.[7] Although the statute does not define either term, it is appropriate to interpret these terms according to their ordinary definitions. *See Martin v. City of Indianapolis*, 982 F.Supp. 625, 632 (S.D.Ind.1997) (referring to definition of "advertise" in Webster's Dictionary to determine whether or not a sheet metal sculpture constituted advertising material).

The American Heritage Dictionary defines "advertising" as "the act of attracting attention to a product or business." "Promotion" is defined as "advertising or other publicity." Considering the plaintiff's mural in light of these definitions, it is apparent that the mural was "promotional" in nature. The purpose of the mural was to attract public attention and publicity to the NYSDA information table, and given plaintiff's admission that the mural had no economic value beyond its use at the Gideon Coalition event (by admitting that she had suffered no economic damage from its destruction by Casey's subordinates), it is clear that it was not intended for any purpose beyond that of promoting the event. Therefore, it is also held that the mural was a promotional display within the meaning of 17 U.S.C. § 101, and not a "work of visual art" for purposes of VARA.[8]

---

**6.** A contrary interpretation would result in the extension of moral rights into areas not contemplated by the statute. For example, if the test were simply "artistic merit", then VARA could be applied to all manner of banners, signs and placards that were never intended to survive the event for which they were created. To allow a cause of action for the destruction of a work that, regardless of the artistic ability employed in its creation, was never intended to be preserved would not advance the values protected by VARA and would only serve to invite "nuisance" lawsuits. *See Carter*, 861 F.Supp. at 325.

**7.** Section 101 provides, in relevant part, that a "work of visual art" is "a painting, drawing, print, or sculpture, existing in a single copy". Among the items it excludes from the definition of a work of visual art are "any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture," or "merchandising item or advertising, promotional, descriptive, covering, or packaging material or container."

**8.** Casey also offers an alternative theory as to why Pollara's mural is not entitled to protection under VARA. Defendant's proposed conclusions of law suggest that the mural is prop-

## V. *CONCLUSION*

Accordingly, for each of the foregoing reasons, it is found that plaintiff has failed to demonstrate that her mural, though unquestionably of artistic merit, was a "work of recognized stature" or a "work of visual art" within the meaning of 17 U.S.C. § 106A(a)(3)(b). Because she failed to prove essential elements of her prima facie case, plaintiff's complaint must be dismissed as a matter of law against defendant Thomas E. Casey pursuant to Fed. R.Civ.P. 52(c). As noted above, the complaint was previously dismissed against the defendant Joseph J. Seymour.

Therefore, it is hereby

ORDERED that plaintiff's complaint is DISMISSED in its entirety.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

---

erly characterized as a poster under 17 U.S.C. § 101. This proposed conclusion must be rejected. The American Heritage Dictionary defines a poster as "a large *printed* placard, bill, or announcement, often illustrated, posted to advertise or publicize something." (Emphasis added.) The mural is not properly characterized as a "poster" because it is hand painted, not printed, and exists in a single copy.